940 F.2d 676
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Modesto P. LEGASPI, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7006.
 United States Court of Appeals, Federal Circuit.
 June 19, 1991.
 
 ON MOTION
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs (VA) moves to dismiss Modesto P. Legaspi's petition for review for lack of jurisdiction. Legaspi opposes dismissal.*
 
 
 2
 Legaspi, a Philippine national, served in the United States Navy from March 1, 1956 until April 1, 1959. The VA subsequently placed Legaspi on the Disability Retired List due to his service connected "schizophrenic reaction, paranoid type, in partial remission." The VA assigned Legaspi a schedular disability rating of 100 percent effective April 2, 1959. In 1965, following a medical examination, the VA reduced Legaspi's rating to 50 percent. In 1968, following an evaluation, the VA increased Legaspi's rating to 100 percent. In 1987, following a medical examination, the VA reduced Legaspi's disability rating to 70 percent. This reduction is the subject of Legaspi's petition for review.
 
 
 3
 Direct review by this court of VA decisions concerning veterans' benefits is generally precluded by 38 U.S.C. Sec. 211 governing decisions by the Secretary. However, under 38 U.S.C. Sec. 223 governing judicial review of rulemaking, this court does have jurisdiction to review challenges to agency rulemaking.
 
 
 4
 The Secretary argues that although Legaspi alleges jurisdiction ostensibly based on a challenge to VA regulations, "his notice of appeal reveals that he really wishes to challenge the factual determination by the VA that his mental condition does not render him totally disabled." A review of Legaspi's petition for review, informal brief, and opposition reveals the Secretary's contention is accurate.
 
 Legaspi's petition for review states:
 
 5
 I find it extremely incredible for the VA Regional Office in Manila to conclude that inspite of [my] long history of ... schizophrenic reaction, paranoid type, as rated above as to the degree of impairment which prevents a disabled person from being gainfully employed, the VA or U.S. Department Affairs failed to apply 38 USC 355, 38 C.F.R. 3.102, Part 4, Code 9202, notwithstanding the undeserved or unjustified reduction of the 100% disability rating to 70% disability rating, effective April 1, 1987 up to the present time ...
 
 
 6
 In answer to the question "what action of the Secretary of Veterans Affairs do you want reviewed by this court", Legaspi states in his informal brief:
 
 
 7
 The reduction of the veterans's disability rating from 100% to 70% (rating) effective April 1, 1987, which action is erroneous and not in accord with the facts obtaining in his case.
 
 
 8
 In answer to the above question, Legaspi also refers to a letter to the court dated September 28, 1990. This letter states:
 
 
 9
 The Board of Veterans Appeals Decision, copy enclosed, clearly ignored the above medical or Psychiatric fact, [the fact that Legaspi was rated 100% disabled from 1968 to 1987 despite certain 'lucid intervals'] and is therefore a decision which should be subjected to the judicial scrutiny or review of the Honorable Court of Appeals for the Federal Circuit ...
 
 
 10
 Finally, Legaspi's opposition states the Secretary's motion to dismiss is unwarranted because of:
 
 
 11
 its failure to take note of the following facts which the Rating Decisions of the Regional Office in Manila, Philippines, had either overlooked or simply dismissed as inconsequential or immaterial to the Rating Decision being formulated on 1-22-87 and the subsequent Rating Decision of November 10, 1987 which I wish to elaborate hereunder ...
 
 
 12
 A review of Legaspi's papers in toto shows that Legaspi is challenging the VA's factual decision to reduce his disability rating, based on his psychiatric disorder, to 70 percent. 38 U.S.C. Sec. 211 prohibits review of the Secretary's factual determinations concerning VA decisions regarding benefits. Furthermore, Legaspi's papers do not invoke the court's jurisdiction under 38 U.S.C. Sec. 223 by presenting a bona fide challenge to a VA rule or regulation. Although Legaspi states in his informal brief that he wants certain VA regulations reviewed, Legaspi's arguments in all of the papers submitted show that Legaspi is really challenging the VA's application of these regulations, rather than challenging the regulations themselves. Consequently, we are without jurisdiction to review Legaspi's petition.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 The Secretary's motion to dismiss is granted.
 
 
 
 *
 We are reviewing Legaspi's opposition even though it was submitted out of time. Further, for the purposes of this motion, we are considering the opposition and a letter dated September 28, 1990 even though they were signed by Legaspi's spouse rather than by Legaspi, himself